UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-23090-CIV COOKE

PEDRO J. WESLEY,

    *Plaintiff*,

v.

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA,

    *Defendant*.

_____/

## ORDER DISMISSING COMPLAINT

THIS MATTER is before me *sua sponte*. I have reviewed Plaintiff's Complaint [D.E. 1], the record, and the relevant legal authorities. For the reasons explained below, Plaintiff's Complaint is dismissed with prejudice.

### I. BACKGROUND

Plaintiff, Pedro J. Wesley, filed a "*pro se*," "class action" complaint against the United States District Court for the Southern District of Florida, alleging that the Court has treated him unfairly by dismissing his prior lawsuits.[1] Within the past year, Plaintiff has filed at least eleven other lawsuits against the City of Miami Beach, and various agencies and officials associated with the City. (*See* Compl. 1 [D.E. 1].) All of these lawsuits have been dismissed on the grounds that they are frivolous, or otherwise fail to state a claim upon which relief may be granted.

In this lawsuit, Plaintiff raises allegations that this Court's "unfair practices," are standing

---

[1] Plaintiff also filed a Motion for Leave to proceed *in forma pauperis* [D.E. 2] along with the complaint.

in the way of him receiving justice. (*Id.* at 2.)  Essentially, Plaintiff is suing the Court for dismissing his previous cases.  Plaintiff demands $500 million, and further demands that the process for a self-represented party be simplified, and that the Court not limit the amount of attorneys fees that can be recovered in civil rights cases.

## II.  LEGAL STANDARDS

A district court has the inherent power to dismiss, *sua sponte*, a frivolous lawsuit.  *Davis v. Kvalheim*, 261 F. App'x. 231, 234 (11th Cir. 2008).  A complaint may be dismissed even before service of process, if the court determines that "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Id.* (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir.1993)).  A court must dismiss an *in forma pauperis* case "at any time if the court determines that . . . the action . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii).

A suit against the United States is barred by the doctrine of sovereign immunity, unless the United States waives its inherent immunity. *See United States v. Shaw*, 309 U.S. 495, 500-01 (1940).  A United States District Court is shielded by this immunity, because the real party in interest is the United States. *Pietrangelo v. U.S. Dist. Court Vermont*, 223 F. App'x. 20, 22 (2d Cir. 2009); *Hurt v. U.S. Dist. Court Judges*, 258 F. App'x. 341, 341 (D.C. Cir. 2007).

Generally, a class action lawsuit may not proceed where the representative party is acting *pro se*. *See Wallace v. Smith*, 145 F. App'x. 300, 302 (11th Cir. 2005).  The rationale behind this rule is the requirement that the representative party "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  The ability to protect the interests of the class depends in part on the quality of counsel, and the competence of a layperson representing himself is

considered too limited to allow him to risk the rights of others.  *Oxendine v. Williams*, 509 F.2d 1405 (4th Cir. 1975) (citing *Gonzales v. Cassidy*, 474 F.2d 67 (5th Cir. 1973) and *Anderson v. Moore*, 372 F.2d 747, 751 n. 5 (5th Cir. 1967)).[2]

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Asad v. Bush*, 170 F. App'x 668, 671 (11th Cir. 2006).  *Pro se* litigants must still follow the court's procedural rules.  *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir.2002).

### III.  DISCUSSION

Plaintiff's lawsuit against the United States District Court for the Southern District of Florida is barred under the doctrine of sovereign immunity.  In suing the District Court, Plaintiff is actually suing the United States, which has not waived its sovereign immunity in this context.  Plaintiff's lawsuit fails as a matter of law because there is no legal theory upon which Plaintiff could prevail.  Additionally, since Plaintiff seeks to proceed *in forma pauperis* this action must be dismissed to the extent that Plaintiff is seeking monetary relief because the United States District Court for the Southern District of Florida is immune from such relief.  Additionally, to the extent that Plaintiff's complaint seeks a review of this Court's final decisions in his other cases, this Court lacks jurisdiction to entertain his appeals.  *See* 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the

---

[2] The Eleventh Circuit has adopted, as binding precedent, all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

United States . . . ."). Plaintiff's complaint must therefore be dismissed with prejudice.[3]

## IV. CONCLUSION

Based on the analysis set forth above, it is ORDERED and ADJUDGED as follows:

1. Plaintiff's Complaint [D.E. 1] is **DISMISSED with prejudice**.[4]

2. Plaintiff's Motion for Leave to proceed *in forma pauperis* [D.E. 2] is **DENIED** as moot.

3. The Clerk shall **CLOSE** this matter.

**DONE and ORDERED** in Chambers, in Miami, Florida on this 29th day of October 2009.

_____
MARCIA G. COOKE
United States District Judge

Copies to:
Pedro J. Wesley, *pro se*

---

[3] Although the issue is moot, I note also that Plaintiff would not be permitted to proceed *pro se* as the representative party in this purported class action suit.

[4] Plaintiff is encouraged to consult with the Volunteer Lawyers Project regarding his allegations of potential civil rights abuses. Information regarding this program can be obtained by through the Court's website at http://www.flsd.uscourts.gov.

8420 N.W. 33rd Avenue
Miami, FL 33147